PER CURIAM:
Upon a thorough review of the record, including the parties’ extensive filings, we conclude that the district court did not abuse its discretion in denying Brian Keith Terrell’s motion for a stay of execution. See Muhammad v. Secretary, 739 F.3d 683, 688 (11th Cir.2014) (reviewing denial of stay of execution for abuse of discretion). Given the Supreme Court’s decision in Glossip v. Gross, — U.S. -, 135 S.Ct. 2726, 2738-46, 192 L.Ed.2d 761 (2015), and our decisions in Gissendaner v. Commissioner, 803 F.3d 565, 567-69 (11th Cir.2015), and Wellons v. Commissioner, 754 F.3d 1260, 1267 (11th Cir.2014), Mr. Terrell has not shown a substantial likelihood of success on his claims concerning *1277 the implementation of Georgia’s one-drug lethal injection protocol. First, he has not demonstrated a risk of severe pain. See Glossip, 135 S.Ct. at 2737; Gissendaner, 803 F.3d at 567-68. Second, he has not demonstrated that any such risk is substantial when compared to a known and available alternative. See Gissendaner, 803 F.3d at 568-69. Third, he has not demonstrated a due process right to the information that Georgia law keeps secret. See Wellons, 754 F.3d at 1267.
Mr. Terrell’s motion for a stay of execution is therefore denied.
MOTION FOR STAY OF EXECUTION DENIED.